Filed 9/18/24  In re Ma.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Ma.M. et al., Persons Coming Under the Juvenile Court Law.<br><br>_____<br><br>M.H. et al.,<br><br>    Petitioners,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA,<br><br>    Respondent,<br><br>SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | 2d Juv. No. B338284<br>Cons. w/B338287<br>(Super. Ct. Nos. 22JV00200, 22JV00201)<br>(Santa Barbara County) |

Five months after the juvenile court terminated parental rights over Ma.M. (born in January 2020) and Mi.M. (born in February 2022) (the children), M.H. (paternal grandmother) and C.O. (paternal aunt) (petitioners) separately petitioned the juvenile court to modify the dependency orders under Welfare and Institution Code section 388[1], seeking to remove the children from their non-related prospective adoptive parents and place the children with them. The juvenile court denied both petitions without an evidentiary hearing, finding neither petitioner made a prima facie showing of new evidence or change of circumstances, or how the requested order would serve the children's best interests. Petitioners now seek extraordinary writ relief (Cal. Rules of Court, rule 8.456[2]; §§ 366.26, subd. (l), 366.28, subd. (b)(1)), asserting the juvenile court erred in violation of their constitutional due process rights and they are entitled to evidentiary hearings. They also seek a stay in the trial court proceedings pending this court's decision on the writ.

We conclude there was no error. We denied the request for a stay of the proceedings in a separate order. We will deny the writ petitions.

FACTUAL AND PROCEDURAL BACKGROUND[3]

This case has been ongoing since July 2022 when the juvenile court found true allegations of child abuse and ordered

---

[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2] Further rule references are to the California Rules of Court.

[3] The record on appeal is limited. It does not include a clerk's or reporter's transcript of events occurring before

the children removed from their father and placed with their mother in family maintenance. In late December 2022 further allegations of abuse and neglect resulted in the children being detained from both parents and placed with a non-related resource family.

Petitioners share a home. When the children were initially detained, each requested placement. Their placement requests were assessed pursuant to section 361.3 and placement was denied. A social worker informed them they would not get placement of the children "because they 'know' [father] was living with me," "they were not going to risk the kids being injured" and petitioners were "not capable of protecting" the children. The juvenile court was concerned father lived in their home contrary to the court's orders and without Child Welfare Services' (CWS) knowledge.

The children were placed with their current resource family in February 2023. In March 2023 petitioners' home was approved as a resource family home. Grandmother filed a request to be designated the children's de facto parent. Her request was denied. Parental rights were thereafter terminated.

In February 2024, grandmother and aunt petitioned under section 388 for placement of the children. In May the juvenile court heard argument on the sufficiency of the 388 petitions. The court found no prima facie showing of "new evidence or a change in circumstance that warrant a hearing or that the proposed order would result in the best interest of the children . . ." and denied the petitions. A post-permanency hearing pursuant to

---

February 21, 2024, the date petitioners filed their 388 petitions. We thus are hampered in our ability to know all the facts upon which the juvenile court may have relied in denying the petitions.

section 366.3 was set for September 5.  Petitioners filed timely Notices of Intent to File Writ Petitions.  We treat the notices of intent to file a writ petition filed on May 10, 2024, by [grandmother and aunt], as timely notices of appeal.  (*In re K.C.* (2011) 52 Cal.4th 231, 235-236; *In re Daniel C.* (2006) 141 Cal.App.4th 1438, 1443-1445 [orders denying section 388 petitions are not reviewable by way of a writ petition under section 366.28]; see also § 395, subd. (a)(1) [Any subsequent order after judgment in a proceeding under section 300 may be appealed as an order after judgment].)

We consolidated their separate writ petitions for oral argument and decision and denied a request to stay the juvenile court proceedings.[4]

## DISCUSSION

Petitioners assert the juvenile court's denial of their 388 petitions without evidentiary hearings was improper because they made a prima facie showing of new evidence, changed circumstances, and best interests of the children.  We disagree and conclude the order summarily denying both 388 petitions was correct.

Under section 388, any parent or interested person may petition for a hearing to change or modify a juvenile court order by factually alleging:  1) changed circumstances or new evidence justifies the requested order, and 2) the requested order is in the child's best interests.  (§ 388, subds. (a)(1) & (b).)  Only a prima facie showing is needed to trigger the right to an evidentiary hearing.  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.)  A petition does not meet the prima facie standard unless the facts alleged in

---

[4] See Order dated August 8, 2024.

4

the petition, once supported by relevant evidence, would support a favorable decision on the petition. (*In re J.P.* (2014) 229 Cal.App.4th 108, 127.) In considering whether petitioner has made the requisite showing, the juvenile court may consider the entire factual and procedural history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188-189.)

"A ruling on a section 388 petition is 'committed to the sound discretion of the juvenile court, and the trial court's ruling should not be disturbed on appeal unless an abuse of discretion is clearly established. [Citations.]' Thus, we may not reverse unless the juvenile court exceeded the bounds of reason . . . ." (*In re D.B.* (2013) 217 Cal.App.4th 1080, 1088-1089.)

Petitioners assert their 388 petitions met the prima facie requirements for an evidentiary hearing by demonstrating "both changed circumstances and new evidence in several distinct categories," including evidence of CWS' communication failures, misinformation provided by social workers, their Resource Family Approval Certificate, a psychological consultation, and the placement of two foster children in their home.

"[T]he term 'new evidence' in section 388 means material evidence that, with due diligence, the party could not have presented at the dependency proceeding at which the order, sought to be modified or set aside, was entered." (*In re H.S.* (2010) 188 Cal.App.4th 103, 105.) The new evidence or a change in circumstances must be so significant it requires modifying the order. (*In re D.B.*, *supra*, 217 Cal.App.4th at p. 1093.) And it must be material. (*In re N.F.* (2021) 68 Cal.App.5th 112, 121.) "Not every change in circumstance can justify modification of a prior order." (*In re S.R.* (2009) 173 Cal.App.4th 864, 870.)

5

Here, petitioners sought to modify the order placing the children in a non-relative foster home. There appears to have been two placement orders, the last made in February 2023. Petitioners' respective declarations filed to support their requests allege the following new evidence: the psychological consultation; the March 2, 2023 resource family approval; two non-related dependent children had been placed in their home; and petitioners had begun attending monthly visits with the children in April 2023. Grandmother also stated "I have separated myself from my son, . . . because I understand that he has made poor decisions."

The resource family approval and placement of two foster children are not facts material to the reasons why placement was denied initially. Visitation is also not material. There is no indication CWS or the court doubted petitioners' prior relationship or desire to see the children. Grandmother's separation from her son is material and does support a prima facie case. Inexplicably the aunt does not make a similar statement.

The psychological consultation is not new evidence because it was based on the psychologist's review of documents that had been or could have been presented during earlier dependency proceedings. "[T]he belated opinion of an expert based on evidence previously known at the time of trial is not 'new evidence' within the meaning of section 388." (*In re H.S.*, *supra*, 188 Cal.App.4th at p. 109.)

Even if some facts or evidence petitioners' allege are new or establish changed circumstances, there is no prima facie showing that changing the children's placement would be in their best interests. "While the petition must be liberally construed in favor

of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests." (*In re G.B* (2014) 227 Cal.App.4th 1147, 1157.) Petitioners assert their expert psychologist consultation "more than meet[s]" the required showing of best interests and that their petition precisely describes how the orders they request are in the children's best interests. They support this by quoting the psychologist: "[Petitioners] argue the children are bonded with them, and as a result of this bonding and of the family connections, it is in the best interest of the children to be placed in their custody." But they omit the psychologist's very next sentence: "It is beyond the scope of this consultation to offer an opinion as to what is in the best interest of [the children], as there is information not available to this consultant that will be important in making this determination."

Petitioners assert the juvenile court "never addressed the best interest factors articulated by [petitioners'] counsel." It had no best interest factors to address because none were articulated. In assessing the best interests of the child, "a primary consideration . . . is the goal of assuring stability and continuity." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317) Petitioners' psychologist expressly said it is "beyond the scope" to offer an opinion as to the children's best interests. This evidence fails to demonstrate how modifying the placement orders would assure stability and continuity for the children. The juvenile court, relying on information in its file, stated it did not intend to "relitigate the placement issue" when "[t]he children are doing very, very well in [their] current placement."

There is no showing the court abused its discretion. The juvenile court properly concluded petitioners failed to make a

7

prima facie showing of new evidence or sufficiently changed circumstances and how undoing the prior orders would be in the children's best interests.  (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 529.)

DISPOSITION

The petition for extraordinary writ relief is denied.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

Honorable Gustavo Lavayen, Judge
Superior Court County of Santa Barbara

_____

California Guardianship Lawyers, Jomo K. Stewart, for Petitioners, M.H. and C.O.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Senior Deputy County Counsel, for Real Party in Interest Santa Barbara County Department of Social Services.